UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **DAVID WAYNE MANDIGO** | **CIVIL ACTION NO. 16-499-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **JOSEPH WILLIAMS, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff David Wayne Mandigo ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on April 14, 2016. Plaintiff is incarcerated at the Morehouse Parish Detention Center, but claims his civil rights were violated by prison officials while incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He names Joseph Williams and the Caddo Correctional Center as defendants.

Plaintiff claims that on February 9, 2016, Deputy Williams "pushed" him out of the doorway when he turned to ask him if he could get his towel. He claims his civil rights were violated because Deputy Williams put his hands on him.

Plaintiff claims that after Deputy Williams placed his hands on him, he suffered mental stress and was traumatized. He claims he is now scared of deputies and officers.

## LAW AND ANALYSIS

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment upon prisoners. Cruel and unusual punishment in the context of excessive force is "unnecessary and wanton infliction of pain." See Whitley v. Albers, 475 U.S. 312, 319, 106 S. Ct. 1078, 1084 (1986). In prison security measures, the question of what constitutes "unnecessary and wanton" infliction of pain turns on whether the force was applied in "a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6, 112 S. Ct. 995, 998 (1992) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).

Plaintiff cannot prevail on his claim. Prison officials "are entitled to wide-ranging deference" in situations such as this. See Baldwin v. Stalder, 137 F.3d 836, 840 (5th Cir. 1998). "The amount of force that is constitutionally permissible ... must be judged by the context in which that force is deployed." Ikerd v. Blair, 101 F.3d 430, 434 (5th Cir. 1996). A convicted inmate does not have a cognizable claim under the eighth amendment every time he is shoved or pushed. See Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992) When the use of force is reasonably necessary to subdue a prisoner, it does not constitute cruel and unusual punishment. Clemmons v. Greggs, 509 F.2d 1338, 1340 (5th Cir. 1975).

Plaintiff alleges no facts which demonstrate that prison officials maliciously and sadistically applied force in an effort to cause him harm. Rather, it appears that Deputy Williams was in Plaintiff's cell conducting a shake-down when Plaintiff attempted to enter

his cell (Doc. 1-1, pp. 1-5).

Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989). For the reasons stated, this court finds that the IFP complaint of Plaintiff lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 23rd day of February, 2017.

Mark L. Hornsby
U.S. Magistrate Judge